UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

================================================

RODNEY JONES,

                                        Plaintiff,

                                                              **DECISION AND ORDER**
                                                              07-CV-145A

                        v.


MICHAEL J. ASTRUE, Commissioner
   of Social Security,

                                        Defendant.

================================================

        On November 22, 2011, counsel for plaintiff Rodney Jones filed a motion

(Dkt. No. 23) for attorney fees pursuant to 42 U.S.C. § 406(b).  Plaintiff's counsel,

Kenneth Hiller, seeks an award of $18,727.63 to compensate him for

approximately 32 hours spent prosecuting this case to a successful remand on

May 22, 2008.  Plaintiff's counsel has submitted several pieces of information in

support of the request for attorney fees.  Counsel has informed the Court that,

since the remand, the Commissioner of Social Security awarded disability

insurance benefits retroactive to July 1, 2004, and awarded $98,910.50 in past-

due benefits.  Counsel also has submitted a contemporaneously generated

itemization of the time spent litigating in this case.  Finally, counsel has provided

a copy of the contingency agreement that he had with his client and has noted

that the agreement does not step outside of the bounds that the United States

Supreme Court established in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002).

   The Commissioner filed a response to counsel's motion on December 16,

2011.  The Commissioner "does not object to the award of a reasonable attorney

fee under 42 U.S.C. § 406(b)" (Dkt. No. 25 at 4) so long as any award does not

exceed 25% of the award of past-due benefits as set forth in that statute.

   After reviewing counsel's request and itemization of time spent, the Court

finds that the requested award does not exceed the statutory limit set in 42

U.S.C. § 406(b).  The Court finds further that counsel's request is reasonable and

consistent with the principles set forth in *Gisbrecht*.  *See also, e.g., Buckingham*

*v. Astrue*, No. 07-CV-159, 2010 WL 4174773, at *3 (W.D.N.Y. Oct. 25, 2010)

(Curtin, *J.*) ("Upon review [of] Mr. Hiller's application in light of these

considerations, the court finds that the amount . . . is warranted as a reasonable

attorney's fee under the circumstances of his successful representation of plaintiff

in this action.  Significantly, the Commissioner does not directly challenge the

reasonableness of the amount requested . . . .").

   Accordingly, the Court grants counsel's motion.  The Commissioner is

hereby directed to take the steps necessary to cause the amount of $18,727.63

($24,727.63 less $6,000 previously paid to Mr. Hiller pursuant to 42 U.S.C.

§ 406(a)) to be made payable to Mr. Hiller from the fund of withheld past due

benefits, and to adjust the fund accordingly, in compliance with the requirements

of the Social Security Act and implementing regulations as interpreted by the federal courts, and in full satisfaction of the obligations imposed by this order.

SO ORDERED.

_s/ Richard J. Arcara_
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: January 10, 2012